## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | 4:14CV3025 |
| vs. | |
| **RAKESH VASANT HIRANI, a/k/a RAKESHKUMAR VASANTLAL PATEL,** | **PRIVACY ACT PROTECTIVE ORDER** |
| Defendant. | |

This matter is before the Court on the parties' Unopposed Motion for a Privacy Act Protective Order (Filing No. 18). The parties having entered into a stipulation regarding the exchange of information during discovery that is protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a, the Court for good cause shown hereby grants the motion.

**IT IS ORDERED** that in accordance with the terms of this Privacy Act Protective Order, pursuant to 5 U.S.C. § 552a (b)(11), Plaintiff is authorized to release to counsel for Defendant, and the Court in this case, the record related to this matter, which contains unredacted identifying information of Defendant, and where appropriate and allowable by law, third parties, without obtaining prior written consent of the Defendant and/or third parties whose names, addresses, and other identifying information may be present in such documents. Such disclosure is subject to the following conditions:

1. In the course of litigation, the parties anticipate the production of documents containing identifying information relating to the parties, including third parties not participating in this lawsuit. The Privacy Act of 1974, 5 U.S.C. § 552a, regulates the collection, maintenance, use and dissemination of personal information by federal government agencies, and prohibits federal agencies from disclosing any such information to any individual other than the individual to whom the records pertain, subject to certain exceptions. *See* 5 U.S.C. § 552a(b).

2. A court of competent jurisdiction may order the disclosure of materials protected by the Privacy Act. *See* 5 U.S.C. § 552(a)(b)(11).

3. To facilitate the exchange of documents, without potentially undermining the purposes of the Privacy Act, Plaintiff agrees to produce to Defendant, unredacted records relating to this action, and, where appropriate and allowable by law, third party identifying information. The parties therefore seek an Order of the Court permitting Plaintiff to produce such records to Defendant under the conditions in this Stipulation and Protective Order, in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a, and permitting the parties to use such records solely for the purposes of this litigation.

4. In accordance with the terms of this Privacy Act Protective Order, pursuant to 5 U.S.C.§ 552a (b)(11), Plaintiff is authorized to release to counsel for Defendant, and the Court in this case, the record related to this matter, which contains unredacted identifying information of Defendant, and where appropriate and allowable by law, third parties, without obtaining prior written consent of the Defendant and/or third parties whose names, addresses, and other identifying information may be present in such documents.

5. The documents, including the disclosure of information regarding third parties necessary for the litigation of this case, will be provided for review by the parties (or their counsel) in strict confidence. Right of access to this material shall be limited to the parties, counsel for the parties, expert witnesses in their employ, and paralegals and any other person mutually authorized by all counsel to examine such materials. Any person having access to this material shall be informed that it is confidential and subject to a non-disclosure order by this Court. Except as provided herein, no person having access to material designated as Confidential shall make public disclosure of those materials or any information contained therein without further Order of the Court, stipulation of all parties, and/or as permitted by this Order.

6. The parties shall have the right to use records produced by Plaintiff in the conduct of this matter and in all preparations for trial. Any disclosure of the Confidential documents and records or information derived therefrom shall be conditioned upon the recipient of the documents, records, or information being advised of the terms of this Stipulation and Protective Order and agreeing in writing to comply with its terms, with the understanding that a failure to comply with this Order may result in the imposition of sanctions by this Court. Such written agreement shall take the following form:

> I, _____, hereby acknowledge that I have read the Stipulation and Protective Order entered on August 20, 2014, in United States of America v. Rakesh Vasant Hirani, aka Rakeshkumar Vasantlal Patel, No. 14-3025-JFB-TDT, in the United States District Court for the District of Nevada. I hereby agree to be bound by the terms and conditions of that Protective Order, including that the documents and information protected by that Protective Order are to be used for the sole purpose of this litigation and that they may not be disclosed, in any manner whatsoever, to anyone for any other purpose or reason whatsoever. I acknowledge that my duties under that Protective Order shall survive the termination of this case and are permanently binding on me and that failure to comply with the Protective Order may result in the imposition of sanctions by the Court.

7. If any documents are filed with the Court in connection with motions or other matters in this case, the parties will protect identifying information and other private information in compliance with Rule 5.2 of the Federal Rules of Civil Procedure and any other applicable Local Rules and Procedure.

8. Any motion to file documents under seal will be made in compliance with the standards set in the Local Rules of Civil Procedure for the District of Nebraska.

9. All copies of documents produced shall be destroyed or returned to the attorney representing the party providing the documents within sixty days of the conclusion of all district court and appellate proceedings, with the exception that any documents a party has obtained independently of this litigation need not be destroyed or returned. Once the material is destroyed, counsel shall notify the opposing party's attorney. Counsel shall take reasonable steps to safeguard the confidentiality of all documents, records, and information produced pursuant to this Stipulation and Protective Order.

10. In the event that any material subject to this order is used in any court proceeding, it shall not lose its protected status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use, including complying with Rule 5.2 of the Federal Rules of Civil Procedure and any other applicable Local Rules and Procedure.

11. To facilitate further exchanges of any documents that may be necessary for this litigation, the parties may, by letter between counsel, agree to designate other documents or material as being subject to this order.

12. This Order is without prejudice to the right of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

13. Nothing in this Stipulation and Protective Order shall be construed to preclude any party from asserting the attorney-client privilege, work product doctrine, or any other privilege or doctrine and declining to produce materials or portions of materials in instances when that party believes any disclosure would compromise the interests and purposes underlying a privilege, doctrine, or statute. Correspondingly, nothing in this Stipulation and Protective Order shall be construed as waiving any party's rights to object to the assertion of any privilege, doctrine, or statute and to move to compel production of the information, records, or documents withheld pursuant to such assertions.

14. The Order protects any materials that have been previously produced in anticipation of entry of this Order.

Dated this 21st day of August, 2014.

        BY THE COURT:

        s/ Thomas D. Thalken
        United States Magistrate Judge